IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:21-cv-00732_____

DONALD T. JONES,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

## COMPLAINT

**NOW COMES** DONALD T. JONES ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

1

**PARTIES**

4. Plaintiff is a "consumer," as the term is defined by 15 U.S.C §1692a(3), over 18 years of age, residing in Englewood, Colorado, which lies within the District of Colorado.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7. The instant action stems from Defendant's attempt to collect upon a Home Depot credit card debt ("subject debt") said to be owed by Plaintiff.

8. Plaintiff used his Home Depot credit card to purchase varies personal and household goods.

9. Around 2020, Plaintiff started receiving calls to his cellular phone number (720) XXX-4479, from Defendant.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in -4479. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Defendant has called Plaintiff using various phone numbers.

---

[1] https://www.midlandcredit.com/who-is-mcm/

12. Upon information and belief, the phone numbers used to call Plaintiff are regularly utilized by Defendant during its debt collection activity.

13. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

14. Due to the harassing nature of Defendant's collection calls, Plaintiff demanded that Defendant cease contacting him.

15. Rather than adhere to Plaintiff's demand, Defendant intentionally continued to place calls to Plaintiff's cellular phone.

16. In addition to the harassing phone calls Plaintiff received, on March 9, 2021, Defendant also saw fit to contact Plaintiff's place of employment.

17. Defendant spoke with a receptionist and did not ask for Plaintiff.

18. Rather, Defendant deceptively tried to gather information about Plaintiff.

19. Defendant falsely suggested to the receptionist that Plaintiff was applying for a loan and that Defendant was attempting to gather information in connection with such loan application.

20. Plaintiff was confused by his co-worker's information, as he did not apply for any loans.

21. Plaintiff called the number that contacted his place of employment and discovered that the number belongs to Defendant.

22. Upon information and belief, Defendant used such false representation in order to deceive Plaintiff's co-worker into divulging information otherwise unavailable to Defendant, in furtherance of Defendant's efforts to collect the subject debt.

23. Furious and embarrassed by Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, anxiety, embarrassment, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

30.  Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

    a.  **Violations of FDCPA §§1692b and §1692c**

31. The FDCPA, pursuant to 15 U.S.C. § 1692b(1), states that "any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall – identify himself, state that he is confirming or correcting location information concerning the consumer . . . ."

32. Furthermore, under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

33. Defendant violated 15 U.S.C. § 1692b(1) and § 1692(c)(b) when it contacted Plaintiff's place of employment. Upon contacting Plaintiff's place of employment, Defendant falsely stated the purpose of its call in order to deceptively extract information regarding Plaintiff. This caused Plaintiff to experience a great amount of embarrassment and distress. The FDCPA was enacted to prevent this exact type of behavior from debt collectors, as it could lead to a stressful and embarrassing situations.

   b. **Violations of FDCPA §1692c(a)(1) and §1692d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

36. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c.  Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendant violated 15 U.S.C. §§ 1692e and e(10) when it used deceptive means to attempt to collect the subject debt and obtain information concerning Plaintiff. Defendant called Plaintiff's place of employment and falsely represented that it was calling to gather information about Plaintiff in connection with a loan application. Defendant used such false representation to deceptively gather information about Plaintiff in furtherance of its efforts to collect the subject debt from Plaintiff.

40. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop calling him, Defendant place numerous calls to Plaintiff's cellular phone without his consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call him when it no longer had consent to do so.

### d.  Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly called Plaintiff's place of employment and falsely represented that it was calling in connection to a loan that Plaintiff had applied for. Defendant used such unfair conduct in order to dupe Plaintiff's unwitting coworker into divulging information.

43. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission unfair and unconscionable behavior. These means employed by Defendant only served to worry and abuse Plaintiff.

**WHEREFORE**, Plaintiff DONALD T. JONES respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 11, 2021                     Respectfully Submitted,

/s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)

nvolheim@sulaimanlaw.com